341 F.2d 571
 INTERNATIONAL UNION OF ELECTRICAL, RADIO AND MACHINE WORKERS
(AFL-CIO) and Local 301 of International Union of
Electrical, Radio and Machine Workers
(AFL-CIO), Plaintiffs-Appellants,
v.
GENERAL ELECTRIC COMPANY, Defendant-Appellee.
 No. 232, Docket 29190.
 United States Court of Appeals Second Circuit.
 Argued Jan. 22, 1965.
Decided Feb. 4, 1965.
 
 Isadore Katz, New York City (Lieberman, Katz & Aronson, New York City) (Benjamin C. Sigal, Washington, D.C.), for plaintiffs-appellants.
 David L. Benetar, New York City (Nordlinger, Riegelman, Benetar & Charney, New York City) (Thomas F. Hilbert, Jr., New York City, Emil Peters, Schenectady, N.Y., Martin Zeiger, New York City, of counsel), for defendant-appellee.
 Before MOORE, FRIENDLY and MARSHALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 International Union of Electrical, Radio and Machine Workers, AFL-CIO, and Local 301 of that union brought an action against General Electric Co. (GE) in the District Court for the Southern District of New York pursuant to 301(a) of the Taft-Hartley Act, 29 U.S.C. 185(a). They claimed that GE's substitution of day work rates for the more remunerative incentive system of pay for 3000 workers at its Schenectady, N.Y., plant violated a collective bargaining agreement. Judge Cooper denied their motion for a temporary injunction, and they appealed, 28 U.S.C. 1292(a)(1). Thereafter Local 301 and GE settled their differences and entered into a stipulation of dismissal of the action as between them. The Local's appeal is therefore dismissed.
 
 
 2
 GE contends that the settlement with the Local mooted the action as to the International and has moved to dismiss the latter's appeal. The International denies the Local's power to settle the controversy. It would be improper for us to attempt to resolve this issue without an evidentiary hearing fully exploring the history of the bargaining relationship and of the respective roles of this and other locals and of the International, which the district court must hold in any event if the International wishes to proceed.
 
 
 3
 Judge Cooper rested denial of the temporary injunction on two grounds. One was his belief that 7 of the Norris-La Guardia Act, 29 U.S.C. 107, was applicable, see Publishers' Ass'n v. New York Mailers' Union, 317 F.2d 624 (2 Cir.), cert. granted, 375 U.S. 901, 84 S.Ct. 192, 71 L.Ed.2d 142 (1963), judgment vacated in part for dismissal as moot, 376 U.S. 775, 84 S.Ct. 1132, 12 L.Ed.2d 82 (1964), but that he could not make certain findings mandatory thereunder, notably that 'unlawful acts' had been or would be committed by GE unless restrained, 107(a). The other was the kind of considerations normally weighed in granting or denying interlocutory relief. The International attacks the judge's summary of the latter as failing to recognize, or to recognize adequately, the International's interest in seeing to the performance of GE's contract, as distinguished from the employees' interest in their wages, which might be adequately protected by an eventual money judgment. Granting that, on the International's reading of the contract, this interest qualified for equitable protection, cf. AFL v. Watson, 327 U.S. 582, 66 S.Ct. 761, 90 L.Ed. 873 (1946), it does not follow that this is so overwhelming as to require a district judge to grant a temporary injunction in the face of other factors which point to denial pending decision on the merits. We would be especially reluctant to interfere with what we read as such a discretionary denial of a temporary injunction when there is a serious question of the International's standing to proceed at all. These same reasons make the case in its present posture singularly inappropriate for considering the contention, seriously pressed by the International, that the Publishers' decision is inapposite, or requires reexamination, or both.
 
 
 4
 The Local's appeal is dismissed; on the International's appeal we affirm.